**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MATTHEW KALMICK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 1:25-cv-08893** |
| | ) | |
| **v.** | ) | **Hon. Franklin U. Valderrama** |
| | ) | |
| **CURALEAF, INC.,** | ) | **Magistrate Judge Young B. Kim** |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT CURALEAF INC.'S RULE 12(b)(6)**
**MOTION TO DISMISS COUNT I OF PLAINTIFF'S COMPLAINT**

NOW COMES Defendant CURALEAF, INC.[1] ("Curaleaf"), by and through its undersigned attorneys, and in support of its Motion to Dismiss Count I of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), states as follows:

**INTRODUCTION**

Plaintiff Matthew Kalmick worked for Curaleaf as a Regional Compliance Director from 2020-2021 and 2022-2024. (Dkt. 1, ¶¶ 33, 39-40). On or about May 20, 2024, Curaleaf terminated Plaintiff's employment due to his dishonesty about office attendance and performance issues. (*Id.*, ¶¶ 85, 91-92). Following his termination, Plaintiff filed suit against Curaleaf asserting several claims, including an alleged violation of the Illinois Whistleblower Act. (*Id.*, ¶ 78-86). In pertinent part, Plaintiff alleges that Curaleaf retaliated against him by refusing to promote him, and later terminating him, because he continued to report violations to state agencies. (*Id.*, ¶¶ 8-11, 20, 53, 55, 58-59, 78-86). As explained in more detail below, Plaintiff has failed to establish a claim under the Illinois Whistleblower Act because his alleged conduct/reporting did not violate the version of the Illinois Whistleblower Act effective during his employment and because his alleged complaints

---

[1] Plaintiff worked for Curaleaf Processing, Inc., which is wholly owned by Curaleaf, Inc.

to state authorities were part of his job duties. Accordingly, Count I of Plaintiff's Complaint must be dismissed.[2]

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015). When bringing a motion to dismiss under Rule 12(b)(6), a party challenges the sufficiency of the complaint, not its merits. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a Rule 12(b)(6) motion to dismiss, a claim must be facially plausible. *Ashcroft*, 556 U.S. at 662. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.

## ARGUMENT

Curaleaf terminated Plaintiff from his role as a Regional Compliance Director in May 2024 due to Plaintiff's dishonesty about his office attendance and Plaintiff's performance issues. Curaleaf did not terminate Plaintiff as a result of any complaints he to made to government regulators.

Plaintiff regularly communicated with state regulators in his role as a Compliance Director. Those communications arose before the January 1, 2025 effective date of the amendments to the Illinois Whistleblower Act (the "Act"). *See* HB 5561 Enrolled, Section 90; *see also Hill v. Target*

---

[2] Curaleaf is moving to dismiss Count I of Plaintiff's Complaint. Curaleaf is filing an Answer to the remaining Counts of Plaintiff's Complaint concurrently with this Motion.

*Corp.*, No. 24-cv-341, 2025 WL 919614, 2025 U.S. Dist. LEXIS 56187, at n.17 (N.D. Ill. Mar. 26, 2025) (applying the version of the statute in effect when the employee was employed by his employer). Thus, under the version of the Act effective at the time relevant to Plaintiff's claims, Plaintiff must establish that he (1) suffered an adverse employment action by his employer; (2) in retaliation; (3) for his disclosure to a government or law enforcement agency; (4) of a suspected violation of Illinois or federal law, rule, or regulation. *See* 740 ILCS 174/15; *see also Hill*, 2025 WL 919614, 2025 U.S. Dist. LEXIS 56187, at *29-30. A remedy is only available to Plaintiff if:

a. An employer retaliates "against an employee who discloses information ***in a court, an administrative hearing, or before a legislative commission or committee, or in any other proceeding***, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation[;]" or

b. An employer retaliates "against an employee for disclosing information ***to a government or law enforcement agency*** where the employee had reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation."

(740 ILCS 174/15 (a) and (b)) (emphasis added).

Here, Plaintiff does not allege that he disclosed information in a court, an administrative hearing, or before a legislative commission or committee. Thus, he has no cause of action under Section 15(a) of the Act. Presumably, Plaintiff is trying to bring a claim under Section 15(b) of the Act because, according to Plaintiff, he refused to cease communications with regulators and continued to report conduct he believed violated various state and federal laws in his role as a Compliance Director. However, Plaintiff's claims are belied by his former job title, which involved communicating with and disclosing any issues to government officials. The entire purpose of employing a compliance team is to monitor product, process quality, and prevent product safety and efficacy issues.

3

Moreover, and importantly, there is *no* indication that Plaintiff complained to any government official about his belief that Curaleaf was allegedly discouraging and/or obstructing Plaintiff from making disclosures to government officials. While Plaintiff alleges that he questioned the relationship between another Curaleaf employee and the state regulator (believing that the employee was trying to undermine Compliance's relationship with regulators) and discussed the incident with his supervisor, who advocated for Compliance to lead communication with regulators, (Dkt. 1, ¶¶ 36, 47, 53), Plaintiff does *not* allege that he reported any of these concerns to state regulators. By not reporting his concerns to a government or law enforcement agency, Plaintiff's claims under the Act as it stood during his employment do not pass muster. *See Sweeney v. City of Decatur*, 2017 IL App (4th) 160492 (Ill. App. Ct. 4th Dist. 2017) (holding that Section 15(b) of the Act does not protect an employee who "simply notes the impropriety of conduct with the alleged wrongdoer, as that does not constitute the disclosure of information under the [Act].").

In sum, as a Director of Compliance for Curaleaf, Plaintiff regularly communicated with government officials regarding any company compliance concerns. By only reporting his concerns—that Curaleaf was enforcing an unwritten policy that strongly discouraged or obstructed disclosures—to his supervisors (and not government officials), Count I fails as a matter of law.

Accordingly, for the aforementioned reasons, Count I of Plaintiff's Complaint must be dismissed for failure to state a claim.

**WHEREFORE**, Defendant, Curaleaf, Inc., respectfully requests that this Court dismiss Count I of Plaintiff's First Amended Complaint, and for any other relief deemed just and appropriate.

Dated: October 20, 2025                                    Respectfully submitted,

4

By: */s/ Heather A. Bailey*
One of the Attorneys for Defendant
Heather A. Bailey (ARDC # 6274501)
Laurie I. Smigielski (ARDC # 6297645)
Amundsen Davis, LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
Telephone: (312) 894-3266
Facsimile: (773) 599-8356
hbailey@amundsendavislaw.com
lsmigielski@amundsendavislaw.com
*Attorneys for Defendant Curaleaf, Inc.*

5

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on October 20, 2025, she electronically filed the foregoing

**Defendant Curaleaf, Inc.'s Rule 12(b)(6) Motion to Dismiss Count I of Plaintiff's Complaint**

with the Clerk of Court using the CM/ECF system, which will send a notice of the electronic filing

to all counsel of record.

> */s/ Heather A. Bailey*
> Heather A. Bailey
> Amundsen Davis, LLC
> 150 North Michigan Avenue, Suite 3300
> Chicago, Illinois 60601
> Telephone: (312) 894-3266
> Facsimile: (773) 599-8356
> Hbailey@amundsendavislaw.com
>
> *Attorney for Defendant, Curaleaf, Inc.*

6