IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW KALMICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 25-cv-8893 |
| v. ) | |
| ) | Hon. Jeffrey T. Gilbert |
| CURALEAF, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Curaleaf Inc.'s Rule 12(b)(6) Motion to Dismiss Count I of Plaintiff's Complaint [ECF No. 14] ("Motion"). Defendant Curaleaf, Inc. ("Defendant") seeks dismissal of Count I of Plaintiff Matthew Kalmick's ("Plaintiff") Complaint, which alleges violations of the Illinois Whistleblower Act (the "Act"). *See* Motion [ECF No. 14].

A motion to dismiss under Federal Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. FED. R. CIV. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.3d 1510, 1520 (7th Cir. 1990). On such a motion, the Court accepts all well-pleaded facts in the complaint as true and draws all reasonable inferences from those facts in the plaintiff's favor. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013); *Anchor Bank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a motion to dismiss, the complaint must contain a short and plain statement of the claim that provides the defendant with fair notice of what the claim is. FED.R.CIV.P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted); *see also Twombly*, 550 U.S. at 570. A claim is plausible where a plaintiff "pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At base, a plaintiff must allege "enough details about the subject-matter of the case to present a story that holds together." *Id.*; *Twombly*, 550 U.S. at 555.

Defendant first argues that because Plaintiff's job duties as a Regional Compliance Director required him to communicate and disclose issues to government officials, Plaintiff's refusal to stop reporting those concerns (in other words, his decision to continue reporting his concerns over Defendant's alleged discouragement or interference) cannot form the basis for a retaliation claim under Section 15(b) of the Act because Plaintiff was just doing his job as he understood it. Motion [ECF No. 14] at 3. Defendant does not cite any authority in support of this argument, nor does Defendant respond to Plaintiff's argument that this interpretation is not supported by the plain language of the statute. To state a claim under Section 15(b), the Act requires an employee to allege, in relevant part, retaliation by an employer against the employee for disclosure of a suspected violation of law to a government agency. *See* 740 Ill. Comp. Stat. Ann. 174/15 (Effective: January 1, 2008 to December 31, 2024).[1] Plaintiff alleges that is what occurred here. On its face, the Act does not exclude compliance personnel from its reach nor does Defendant cite any authority supporting its argument that Plaintiff's claims are not actionable because his alleged disclosures were made as a compliance employee acting within the scope of his job duties. In the Court's view, it would be illogical and inconsistent with the purpose of the Act to interpret the statute as not protecting from retaliation the very employees whose jobs require them to investigate and report potential violations of law. Accordingly, the Court declines to dismiss Count I on this basis.

Defendant's second argument in support of dismissal of Count I is that Plaintiff fails to state a claim under Section 15(b) of the Act because Plaintiff does not allege

---

[1] Both parties agree that the version of the Act in effect at the time of Plaintiff's employment, and before the January 2025 amendments which Plaintiff says extended the Act to cover internal disclosures to supervisors and employer representatives, applies to this claim. Motion [ECF No. 14] at 2-3; Response [ECF No. 21] at 3-5.

that he disclosed to any government officials that Defendant was discouraging or obstructing Plaintiff from making disclosures to government agencies. Defendant says Plaintiff only alleges that he raised such concerns internally within the company. Motion [ECF No. 14] at 4 (citing paragraphs 36, 47, and 53 of the Complaint).

Plaintiff responds that he states a claim under Section 15(b) because he alleges that he disclosed potential law violations to the Illinois Department of Agriculture ("IDOA"). Response [ECF No. 21] at 3-4 (citing paragraphs 51 and 82 of the Complaint). Paragraph 51 alleges Plaintiff "actively worked to ensure compliance with state and federal health regulations by escalating issues and communicating with IDOA regulators" while another employee, who Plaintiff alleges was promoted to Vice President instead of Plaintiff in retaliation for Plaintiff's actions, "took a much more hands off approach and had little engagement with state regulators." *See* Complaint [ECF No. 1] at ¶ 51. Paragraph 82 alleges, as part of Count I, that Plaintiff "refused to cease communications with regulators and continued reporting conduct he believed violated various state and federal laws [identify several statutes]" and that Defendant retaliated against Plaintiff "because he refused to remain silent about what he reasonably believed were legal violations" by denying him a promised promotion and ultimately terminating his employment. *See* Complaint [ECF No. 1] at ¶¶ 82-83.[2]

In addition, Plaintiff does allege instances when he raised concerns internally within the company about interference with Plaintiff's and the compliance department's efforts to communicate with IDOA regulators. Plaintiff alleges Defendant's Senior Vice President (Chialdikas) interfered with his efforts and those of the compliance team to communicate and work with IDOA regulators including

---

[2] Defendant relies on *Sweeney v. City of Decatur*, 2017 IL App (4th) 160492, ¶¶ 15-20, 79 N.E.3d 184, 188–90 (Ill. App. Ct. 4th Dist. 2017). Motion [ECF No. 14] at 4. *Sweeney*, which held that internal complaints made solely to the alleged wrongdoer within the employer do not satisfy the Act's disclosure requirements, is inapposite here, where Plaintiff alleges he disclosed violations to an external government agency (IDOA) as well as internally to various supervisors, rather than solely to the alleged wrongdoer.

3

with respect to an IDOA investigation at Defendant's Litchfield facility. Plaintiff alleges Chialdikas took over communications with the IDOA regulator handling the investigation, excluding Plaintiff and the compliance team. *See* Complaint [ECF No. 1] at ¶¶ 21-47. But Plaintiff also alleges he continued reporting suspected violations to IDOA and believed Defendant retaliated against him for doing so. *See* Complaint [ECF No. 1] at ¶ 53 (alleging Plaintiff told his supervisor and Defendant's Chief Legal Officer that he believed he was retaliated against "for attempting to address serious health and safety violations by communicating with IDOA regulators"); *see also id.* at ¶¶ 58-62 (alleging after Plaintiff's attorney contacted Defendant about Plaintiff's potential claims under the Act, Plaintiff "attempted to reengage IDOA regulators" on "several urgent issues, but received no response").

In the Court's view, the Complaint adequately alleges facts that state a Section 15(b) claim.[3] Although general in nature, Plaintiff's allegations "put Defendant[] on notice of the kinds of complaints [he] made" regarding violations of state and federal laws that regulate Defendant's cannabis business "and the time frame in which [he] made them." *See Smith v. Bd. of Educ. for Waukegan Pub. Sch. Dist. # 60*, 2021 WL 4459529, at *4 (N.D. Ill. Sept. 29, 2021) (denying motion to dismiss claim under the Illinois Whistleblower Act). The allegations in the Complaint provide sufficient factual information to infer the basis for Plaintiff's claim: notwithstanding the interference and obstruction of Defendant's employees, Plaintiff continued reporting compliance concerns and potential violations of law to state regulators, and Defendant retaliated against Plaintiff for this conduct by denying him a promotion and eventually terminating his employment. That is sufficient to state a claim under

---

[3] The Court acknowledges Defendant's argument that Plaintiff cites Section 10 and not Section 15(b) of the Act in the Complaint. *See* Reply [ECF No. 22] at 1. Under notice pleading requirements, the question is whether the facts as pled put Defendant on notice of Plaintiff's claim. *See Cox v. United States Dep't of Just.*, 2024 WL 4635241, at *2 (7th Cir. Oct. 31, 2024) ("notice pleading does not require that [a plaintiff] identify in his complaint the specific statutes or regulations he argues the defendants violated") (citing *Zimmerman v. Bornick*, 25 F.4th 491, 493 (7th Cir. 2022)). Defendant acknowledges Plaintiff "appears to plead elements under both Sections 10 and 15 of the Act." Reply [ECF No. 22] at 1. Moreover, as discussed above, the Court concludes the facts pled meet the notice pleading standard.

federal notice pleading requirements. *Id.* (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)).[4]

Finally, Plaintiff says he also stated a standalone claim under Section 10 of the Act. Response [ECF No. 21] at 8-10. Section 10 prohibits an employer from making or enforcing a policy that prevents an employee from disclosing potential violations of law to a government agency. 740 Ill. Comp. Stat. Ann. 174/10. Count I alleges Defendant had an unwritten policy discouraging or obstructing disclosures to agencies like IDOA and specifically references this as a violation of Section 10. Complaint [ECF No. 1] at ¶¶ 78-86.

In Reply, Defendant points out there is no private cause of action in the Act for a violation of Section 10. Section 30 of the Act creates a private cause of action for an employee to seek damages against an employer only for violations of Section 15 or Section 20 but does not reference Section 10. *See* 740 Ill. Comp. Stat. Ann. 174/30 ("If an employer takes any retaliatory action against an employee in violation of Section 15 or 20, the employee may bring a civil action against the employer for all relief necessary to make the employee whole . . ."). Instead, enforcement of Section 10 appears to be restricted to the Illinois Attorney General. *See* 740 Ill. Comp. Stat. Ann.

---

[4] Defendant says the allegations in paragraph 82 are formulaic, conclusory, and unsupported by specific facts. *See* Defendant Curaleaf' Inc.'s Reply in Support of its Rule 12(b)(6) Motion to Dismiss Count I of Plaintiff's Complaint [ECF No. 22] ("Reply") at 4. The Court disagrees. Paragraph 82 falls within Count I, which also incorporates the previous factual allegations in the Complaint. Paragraph 82 also identifies specific laws Plaintiff contends were violated by Defendant's conduct and states that Plaintiff disclosed potential violations to government officials. The Complaint more generally includes allegations describing conditions at Defendant's Litchfield facility that IDOA had identified as potential concerns under Illinois cannabis statutes and federal health and safety regulations, including related to inventory tracking and environment, health and safety concerns, that Plaintiff communicated with IDOA regulators about Defendant's efforts to address those concerns, and instances where Defendant's employees interfered with Plaintiff's efforts to communicate with IDOA regulators. *See* Complaint [ECF No. 1] at ¶¶ 21-36, 38-43, 45-47, 51, 53, 58-59, 62, 66. The alleged facts are adequate to support the summary allegation in paragraph 82 that Plaintiff continued to disclose suspected violations of law to government agencies and was retaliated against based on those disclosures. Indeed, Defendant references Plaintiff's acknowledgement "that he continued to communicate with government officials throughout the entirety of his employment with Curaleaf." Reply [ECF No. 22] at 4. These allegations are sufficient to put Defendant on notice of Plaintiff's claims under the Act.

174/31 ("Whenever the Attorney General has reasonable cause to believe that any person or entity has engaged in a practice prohibited by this Act, the Attorney General may, pursuant to the authority conferred by Section 6.3 of the Attorney General Act, initiate or intervene in a civil action in the name of the People of the State in any appropriate court to obtain appropriate relief.").

Plaintiff cites *Mercer v. Favorite Healthcare Staffing, Inc.*, 2023 WL 2456371, at *4 (N.D. Ill. Mar. 10, 2023) in support of his argument that Section 10 provides a separate private cause of action. While the court in *Mercer* denied a motion to dismiss a Section 10 claim brought by an employee, *Mercer* is silent as to the salient issue, whether the Act creates a private cause of action for violations of Section 10. So, the court in that case did not address the argument Defendant raises in this case. Cases directly addressing this question have dismissed claims brought by an employee under Section 10 because the Act does not provide for a private cause of action for such claims. *See Robinson v. Morgan Stanley*, 2007 WL 2815839, at *5–6 (N.D. Ill. Sept. 24, 2007) ("to the extent that Robinson alleges a claim against Morgan Stanley and DFS for violations of § 10 of the Illinois Whistleblower Act, her claim is dismissed because there is no private cause of action for violations of this section of the statute") (citing 740 Ill. Comp. Stat. 174/30 as "explicitly creating a cause of action for violations of §§ 15 and 20"); *Woodley v. RGB Grp., Inc.*, 2006 WL 1697049, at *5 (N.D. Ill. June 13, 2006) ("The Whistleblower Act does not create a private cause of action under Section 10, however; only sections 15 and 20 do that. . . . Any claim arising under Section 10 is therefore dismissed."). As the Illinois Supreme Court explained in interpreting another statute, "[w]here . . . the legislature has expressly provided a private right of action in a specific section of the statute, we believe the legislature did not intend to imply private rights of action to enforce other sections of the same statute." *See Metzger v. DaRosa*, 209 Ill. 2d 30, 44 (2004). Accordingly, the Court concludes there is no private cause of action for damages by employees for violations of Section 10.[5]

---

[5] An unpublished decision by an Illinois appellate court similarly held that where a particular section of the Illinois Whistleblower Act is not referenced in Section 30 of the Act, that

Accordingly, for all the above reasons, the Court grants in part Defendant's Motion to Dismiss Count I of the Complaint to the extent Plaintiff purports to state a claim arising under Section 10 of the Illinois Whistleblower Act because there is no private cause of action for such a claim, and the Court denies in part Defendant's Motion to Dismiss as to Plaintiff's claim arising under Section 15(b) of the Illinois Whistleblower Act. Defendant shall file its answer to Count I of the Complaint by February 17, 2026, in accordance with Federal Rule of Civil Procedure 12(a)(4)(A).

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: February 2, 2026

---

"requires the conclusion that no private right of action exists" for violations of the section that is not referenced. *See Blisset v. City of Chicago*, 2024 IL App (1st) 230734-U, ¶ 37 (Ill. Ct. App. 1st Dist. 2024) ("Further clear indication that section 20.1 is not an independent basis of a cause of action for damages is found in section 30 of the Whistleblower Act, . . . The fact that section 30 expressly authorizes an employee to bring a civil action against an employer for a violation of sections 15 or 20, without mentioning section 20.1, requires the conclusion that no private right of action exists under section 20.1 alone") (citing *Metzger*, 209 Ill. 2d at 44) (granting summary judgment for defendant because "section 20.1 provides no independent basis of liability . . .").